UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:11-cv-50-RJC

| | |
|---|---|
| JONATHAN HENSLEE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| ALVIN KELLER, Secretary of Prisons; ) | |
| KEITH WHITENER, Superintendent of ) | |
| Alexander Correctional Institution, ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** comes before the Court on initial review of Plaintiff's Complaint under 42 U.S.C. § 1983 (Doc. No. 1 ).

A case filed under 42 U.S.C. § 1983 requires a deprivation of a right secured by federal law by a person acting under color of state law. Section 1983 applies to violations of federal constitutional rights, as well as certain limited federal statutory rights. See Maine v. Thibotout, 448 U.S. 1 (1980); see also Gonzaga University v. Doe, 536 U.S. 273, 283 (2002) (holding that a right must be "unambiguously conferred" by a statute to support a Section 1983 claim). A pro se complaint in a proceeding in forma pauperis must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, Title 28 U.S.C. § 1915A directs the courts to conduct an initial review of civil actions by prisoners seeking relief from a governmental entity or employee. Upon such review, courts must identify cognizable claims or dismiss the complaint, or parts thereof. 28 U.S.C. § 1915A(b)(1). The Court has conducted an initial review of Plaintiff's Complaint, which must be dismissed because Plaintiff has failed to state a claim for relief.

1

Plaintiff contends that the current Department of Corrections policy, which requires indigent inmates housed in close custody to receive a facial shave from a unit barber or not at all, "put[s] indigent inmates health at risk for a fatal or non-fatal disease, and or denies inmates of a facial shave period." (Doc. No. 1 at 7). Plaintiff contends that this policy amounts to deliberate indifference because the unit barbers do not clean the razor between shaves thus exposing the inmate receiving the shave to any number of diseases.[1] Plaintiff asks that this Court issue an injunction against the Department of Corrections policy concerning facial shaves for indigent inmates and that the Defendants pay the filing fee of Plaintiff's lawsuit. (Doc. No. 1 at 9).

Plaintiff's claim amounts to a challenge to his prison conditions. The Eighth Amendment "imposes duties on . . . [prison] officials, . . . [to] provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care . . . ." Farmer v. Brennan, 511 U.S. 825, 833 (1994). In order to establish that prison conditions violate the Eighth Amendment, a plaintiff must make an objective showing of a serious deprivation of a basic human need such as food, warmth, or exercise. Williams v. Griffin, 952 F.2d 820, 824 (4th Cir. 1991), and a subjective showing that the prison officials acted with a sufficiently culpable state of mind of deliberate indifference to prison conditions. Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir. 1994); Farmer v. Brennan, 511 U.S. at 824 (prison officials cannot be held liable under the Eighth Amendment unless they knew of and disregarded an excessive risk to inmate health or safety). A determination that prison conditions violate the Eighth Amendment requires finding that conditions deny minimal civilized measure of life's necessities and are inflicted wantonly. Wilson v. Seiter, 501 U.S. 294, 298 (1991). Plaintiff must also "produce evidence of serious or significant

---

[1] Plaintiff includes a list of possible diseases. (Doc. No. 1 at 8).

2

physical or emotional injury resulting from the challenged conditions," Strickler v. Waters, 989 F.2d at 1381; or demonstrate a substantial risk of such serious harm resulting from the prisoner's unwilling exposure to the challenged conditions. See Helling v. McKinney, 509 U.S. 25, 33-35 (1993).

"[D]eprivation of basic elements of hygiene" can amount to an Eighth Amendment violation. See Palmer v. Johnson, 193 F.3d 346 (5th Cir. 1999); Penrod v. Zavaras, 94 F.3d 1399 (10th Cir. 1996). But Plaintiff was not denied access to any basic hygiene needs. Indeed, according to Plaintiff, DOC policy provides that indigent prisoners are given access to shaves via barber assistants. The policy also provides that the blades used shall be disinfected between each use. (Doc. No. 1 at 4). Plaintiff concedes that he was not required to go to the unit barber assistant for a shave. He acknowledges that he could have gone without a shave. Indeed, Plaintiff fails to allege that he has ever received a shave by the unit barbers such that his health has been placed at risk.

Plaintiff argues that the policy on shaving, which applies to indigent prisoners who cannot afford their own electric razor, puts inmates' health at risk because the unit barbers do not clean the razor all of the time, and many inmates who are shaved have diseases. In a similar case, which was affirmed by the Fourth Circuit, the plaintiffs alleged an Eighth Amendment violation because prison barbers failed to properly sanitize their equipment. The court concluded that plaintiffs did not "articulate[] any excessive risk that [was] so shocking or barbarous as to violate the Constitution. DeBlasio v. Johnson, 128 F. Supp.2d 315, 331 (E.D. Va., 2000) aff'd, 13 F. App'x 96 (4th Cir. 2001); see also Gerber v. Sweeney, 292 F. Supp. 2d 700, 710 (E.D. Pa. 2003) (summary judgment was proper where inmates' complaint that sharing electric razors put them at risk of contracting hepatitis C was insufficient to support an allegation of serious or substantial harm in violation of the Eighth Amendment).

Plaintiff has also not established that either defendant acted with deliberate indifference. Indeed, as explained in response to his grievance regarding the shaving policy, "[i]n transitioning to the use of electric razors, the Division of Prisons consulted with health safety authorities to establish guidelines that would address the proper sanitation of barber equipment. The guidelines adopted by the Division of Prisons meet all public health-safety requirements. Established procedures are outlined in the AXCI's Grooming policy. There are three blades for each shaver and the blades are rotated between each shave. One blade is for the current cut, one blade for disinfecting after the last cut, and one blade for a reserve." (Doc. No. 1 at 4). Such response clearly indicates that in establishing the shaving policy, the Department of Corrections gave appropriate consideration to the proper sanitation of the barber equipment. The step two response stated that razor heads are disinfected after each shave and noted that there have been no health safety issues since starting the program. (Doc. No. 1 at 4).

Plaintiff has not stated a significant deprivation. Nor has he established that the defendants acted with deliberate indifference.

**IT IS, THEREFORE, ORDERED** that Plaintiff's Complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.[2]

Signed: May 10, 2011

Robert J. Conrad, Jr.
Chief United States District Judge

---

[2] The Court notes that Plaintiff has had two other cases dismissed for failure to state a claim for relief; as a result, this case constitutes his third strike pursuant to 28 U.S.C. § 1915(g). See Henslee v. Todd, 1:09cv432 (Doc. No. 5); Henslee v. Turner, 1:04cv151 (Doc. No. 4).